## POWELL v. McGEE. (No. 1055.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 31, 1924.)

1. **Frauds, statute of** &#9758;23(4)—**Physician's petition for services rendered third person held not demurrable on ground that cause of action was within the statute.**

In physician's action for medical services rendered third person, petition alleging that he rendered the services and furnished medical supplies at the special instance and request of the defendant, and that defendant promised to pay therefor, and that thereby the defendant became liable to plaintiff therefor, *held* not demurrable on the ground that the cause of action was within the statute; there being no suggestion in the petition that the plaintiff rendered the services and furnished the supplies on the credit of third person, and that he was looking to defendant to pay the third person's debt.

2. **Physicians and surgeons** &#9758;24(2)—**Petition for services rendered third person should show dependency on defendant.**

Physician's petition for services rendered third person on theory that third person was a dependent member of defendant's family, and that defendant was legally and morally responsible for necessities furnished her, held defective for failure to allege the facts of dependency.

Appeal from Sabine County Court; W. H. Davidson, Judge.

Action by Dr. E. L. Powell against W. L. McGee. From judgment sustaining general demurrer to plaintiff's petition, the plaintiff appeals. Reversed and remanded.

L. E. King, of Hemphill, W. T. Davis, of San Augustine, and H. B. Short, of Center, for appellant.

Minton & Lewis, of Hemphill, for appellee.

WALKER, J. [1, 2] This is an appeal from a judgment of the county court of Sabine county, sustaining a general demurrer to appellant's petition, under which he was seeking to recover from appellee about $240 for medical services, medical supplies, and nursing rendered by him to one Ida Hartman. Appellant alleged that he furnished all of these items to Ida Hartman at the special instance and request of appellee, and that appellee promised him to pay for the same, and that thereby appellee became liable to him for the respective amounts which appellant alleged constituted the reasonable value of the services rendered. There was no suggestion in his petition that appellant furnished any of the items sued for upon the credit of Ida Hartman, and that he was looking to appellee to pay the debt of Ida Hartman. But no construction could be given his allegations, except that of an original undertaking on the part of appellee to pay for the same. For this reason the court erred in sustaining the general demurrer, which, as reflected by the record, was on the theory that appellant's cause of action was within the statute of frauds. Appellant also alleged a liability against appellee on the theory that Ida Hartman was a dependent member of the family of appellee, and that he was legally and morally responsible for necessities furnished her. This allegation was excepted to on the ground that the facts of dependency were not alleged, which exception was correctly sustained. On another trial, if appellant desires to rely on this allegation as a ground of recovery, he should so amend his petition as to reflect the facts making appellee liable for necessities furnished Ida Hartman.

Reversed and remanded.